## WALLACE BRADLEY v. STATE.

No. A-9065.   Dec. 2, 1937.
(74 P. 2d 134.)

C. B. Leedy, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Chas. B. Leedy, Co. Atty., for the State.

BAREFOOT, J. The defendant was charged by information in the district court of Ellis county, with the crime of forgery, was tried, convicted and sentenced to serve a term of two years in the reformatory at Granite, and has appealed.

This is a companion case of that of Wallace Bradley v. State, 63 Okla. Cr. 203, 74 P. 2d 126, this day decided. In this case the defendant was charged with the forgery of a check for $100, and in case No. A-9064, he was charged with the forgery of a check for $500. The evidence is practically the same in each of the cases. In this case Mrs. Bradley testified:

"Q. Just tell about Wallace here, whether you did or didn't instruct him not to write any more checks on your account? A. I told him he could, but I didn't tell him to write any $100 check. Q. But when he did write the $100 check you were willing to take it up and pay the bank? A. Yes, sir. * * * Q. What do you mean by that? A. Any time when I thought he needed the money I didn't care. Q. Didn't you take up those checks for Wallace for the purpose of keeping him out of trouble? A. I didn't think they would put him into trouble. * * * Q. You have never told him that he must not write any checks on you? A. No, sir."

The defendant testified as follows:

"Q. Now prior to that time you had been writing checks and signing your mother's name to them? A. Yes, sir. Q. Had you written any checks in the last three years on your mother's account that she had not paid? A. I had not. Q. You may state if she at any time instructed you that you must not write any checks on her? A. She had not."

The instructions given by the court in this case are identical with case No. A-9064, except that in the instant case the court instructed the jury as follows:

"You are further instructed that if you find that the defendant, Wallace Bradley, had authority from Nellie Bradley to sign her name to the said check for $100, and to cash said check, then and in that event you will find the defendant not guilty."

This instruction is correct as far as it goes, but it does not inform the jury that if defendant honestly and in good faith believed he had authority to sign the check in question he would not be guilty of the crime charged. However as stated in case No. A-9064, 63 Okla. Cr. 203, 74 P. 2d 126, this case would not be reversed for this error for the reason no requested instruction was presented by defendant. But we do not believe that, under the evidence of Mrs. Bradley, and the law as applied thereto, defendant is guilty of the crime of forgery.

The judgment of the district court of Ellis county is therefore reversed.

DOYLE, J., concurs. DAVENPORT, P. J., dissents.